IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WESLEY C. JONES,                :
AIS 205738,
                                :
    Petitioner,
                                :
vs.                                 CA 07-0197-KD-C
                                :
JERRY FERRELL,
                                :
    Respondent.

**REPORT AND RECOMMENDATION**

    Wesley C. Jones, a state prisoner presently in the custody of the respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c).  It is recommended that the instant petition be dismissed as time barred under the Anti-Terrorism and Effective Death Penalty Act's one-year limitations provision contained in 28 U.S.C. § 2244(d).

**FINDINGS OF FACT**

    1.    Jones was convicted in the Circuit Court of Mobile County, Alabama on June 9, 1999 of first-degree robbery. (Doc. 13, Case Action Summary Sheet)  On July 9, 1999, petitioner was sentenced to a thirty-year

term of imprisonment. (*Id.*) Jones gave oral notice of appeal at his sentencing. (*Id.*)

    2.    The Alabama Court of Criminal Appeals affirmed Jones' conviction and sentence by memorandum opinion entered on January 28, 2000. (Doc. 13, January 28, 2000 MEMORANDUM)

> Jones's appellate counsel has filed a "no merit" brief in substantial compliance with Anders v. Califronia, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which counsel states that, upon review of the record, he can find no meritorious issues upon which to base an appeal. Jones was afforded an opportunity to raise additional pro se issues to his counsel and with this court, but has not done so.
>
> We have reviewed the record and can find no basis for reversing the trial court's judgment. Accordingly, we find that an appeal of this matter would be wholly frivolous. The trial court's judgment is hereby affirmed.

(*Id.*) The certificate of final judgment of affirmance was issued by the Alabama Court of Criminal Appeals on February 15, 2000 and received by the trial court on February 18, 2000. (Doc. 13, Case Action Summary Sheet, Entry for February 18, 2000)

    3.    On March 27, 2000, Jones filed a Rule 32 petition in the Circuit Court of Mobile County, Alabama, collaterally attacking his conviction and sentence. (Doc. 13, MEMORANDUM Dated May 18, 2001) The Rule 32 petition was summarily denied by the trial court on November 21, 2000;

petitioner filed written notice of appeal on December 15, 2000. (*See id*., Case Action Summary Sheet Entries for November 21, 2000 and December 15, 2000)  The Alabama Court of Criminal Appeals affirmed the trial court's summary denial of the collateral petition by memorandum opinion dated May 18, 2001. (Doc. 13, May 18, 2001 MEMORANDUM)

> Wesley Cornelius Jones appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his 1999 conviction for robbery in the first degree and his resulting sentence of 30 years' imprisonment.
>
> . . .
>
> Jones raises the following three claims on appeal:
>
> Claim 1: That the trial court erred in denying his petition without making specific findings of fact relating to each issue presented.
>
> Claim 2: That his appellate counsel was ineffective for failing to preserve for direct appeal instances of trial counsel's alleged ineffectiveness.
>
> Claim 3: That his trial counsel was ineffective for failing to use a prior inconsistent statement made by a witness for the State to impeach that witness's testimony at trial.
>
> (R.20.) Jones presented several additional claims in his petition, but failed to present those claims again on appeal. We note that

3

those claims that Jones presented in his petition but does not pursue on appeal are deemed to be abandoned. See, e.g., Brownlee v. State, 666 So.2d 91, 93 (Ala.Crim.App.) (holding that "[w]e will not review issues not listed and argued in brief"). In addition, with regard to Claim 1, as set out above, because Jones did not raise this issue in the circuit court, it is deemed to be waived. See Whitehead v. State, 593 So.2d 126 (Ala.Crim.App. 1991). Moreover, we note that a circuit court is not required to make specific findings of fact, or even to state its reasons for denying a petition, when, as here, the petition is summarily denied under Rule 32.7(d), Ala.R.Crim.P. See Fincher v. State, 724 So.2d 87 (Ala.Crim.App. 1998); and Bowers v. State, 709 So.2d 494 (Ala.Crim.App. 1995).

I.

Jones contends that his appellate counsel was ineffective for failing to preserve for review on direct appeal (in a motion for a new trial) specific claims of ineffective assistance of trial counsel (Claim 2 above). However, the record reflects that Jones's appellate counsel did not receive a copy of the trial transcript until after the expiration of the 30-day jurisdictional time limit for filing a motion for a new trial had lapsed. See Rule 24, Ala.R.Crim.P. Jones was sentenced on July 9, 1999, and his appellate counsel was appointed that same day. However, the first portion of the trial transcript was not filed until August 23, 1999, well over 30 days after the pronouncement of his sentence. Thus, Jones's appellate counsel could not be ineffective in this regard.

II.

Jones contends that his trial counsel was ineffective for failing to impeach identification testimony given at the trial by William B. Sellers, a state's witness, through the use of the allegedly inconsistent prior statement made by Sellers to police officers on the date of the robbery (Claim 3 above).

4

In his brief on appeal, Jones argues that had Sellers been impeached by trial counsel, it could have caused the jury to discredit the portion of Sellers's testimony that placed Jones at the scene of the robbery. Jones argues that had the jury discredited Sellers's testimony, the only testimony which corroborated that given by an accomplice, he would not have been convicted. We disagree. From the record, it does appear that trial counsel did not question Sellers about any inconsistencies existing between the statement he gave to police and the testimony he gave at the trial. However, it is also clear from the record that the two statements were not inconsistent. In his initial statement to the police, Sellers indicated that, while pursuing the robbers immediately after the robbery, he saw a black male standing beside a car, which he believed to be a red Ford Thunderbird. At trial, Sellers identified Jones as the black male, and testified that he was familiar with the red Thunderbird because he had seen Jones driving it many times. Therefore, Jones argues that Sellers's trial testimony was inconsistent with his statement, and that Sellers should have impeached on those grounds. However, Jones fails to acknowledge that, subsequent to the robbery, Sellers was shown a photo lineup from which he identified Jones as the man whom he had observed standing by the red Thunderbird on the night of the robbery. (R. 170.)

Furthermore, we note that it was reasonable for defense counsel to elect not to impeach Sellers in order to prove that Jones was not present at the time of the robbery, because that would have been inconsistent with a police statement and trial testimony given by Jones. In his statement, Jones admitted that he was present during the robbery and knew about it beforehand, but denied any participation. Again at trial, while testifying in his own behalf, Jones admitted that he had been present during the robbery, but denied any prior knowledge of his brother's intent to perpetrate the robbery, and denied that he received any of the money that was stolen.

Based on the foregoing, we are convinced that trial counsel's failure to impeach Sellers with his prior statement did

> not constitute ineffective assistance because there was no valid impeachment evidence. Moreover, Sellers' testimony placing Jones at the scene of the robbery was merely cumulative to Jones's own testimony at trial. Therefore, Jones has not shown that the outcome of his trial would have been different had his trial counsel attempted to impeach Sellers's testimony.

(*Id*.)  The certificate of final judgment of affirmance was issued by the Alabama Court of Criminal Appeals on June 5, 2001 and received by the trial court on June 12, 2001. (Doc. 13, Case Action Summary Sheet, Entry for June 12, 2001)

    4.    Jones filed a petition seeking habeas corpus relief in this Court on October 22, 2002. *Jones v. Culliver*, CA 02-0779-CG-M. On February 13, 2003, Jones filed a motion to dismiss his habeas corpus petition without prejudice. (*See id*., Doc. 13)[1]

    5.    On February 14, 2003, Jones filed his second Rule 32 petition in the Circuit Court of Mobile County, Alabama collaterally attacking his conviction and sentence. (Doc. 13, Case Action Summary Sheet, Entry for February 14, 2003) The trial court summarily dismissed the petition on February 21, 2003. (Doc. 13, ORDER of February 21, 2003)

> Petitioner contends that his sentence of 30 years in prison

---

[1] Jones' motion to dismiss was granted on March 6, 2003, and his habeas corpus petition was dismissed without prejudice to allow him to exhaust state court remedies. (*See id*., Docs. 14-16)

> for robbery first degree is excessive because the indictment charges only robbery in the third degree. He claims that the indictment is void as to robbery first degree for failing to allege serious physical injury and that the court was without jurisdiction to render judgment or impose sentence. The claim is utterly without merit. The indictment properly charges robbery in the first degree and the sentence is within the lawful range of punishment for the offense.
>
> Accordingly, this Court is authorized to summarily dismiss the petition without an evidentiary hearing or a response from the State for failure [to] plead a right to relief, Rule 32.3, failure to plead allegations with specificity, Rule 32.6(b), failure to state a claim, Rule 32.7(d), and for having raised no material issue of fact or law. Rule 32.7(d), Ala.R.Crim.P.; Bishop v. State, 608 So.2d 345, 347-348 (Ala. 1992), adopting Bishop v. State, 592 So.2d 664, 665-667 (Ala.Crim.App. 1991); Tatum v. State, 607 So.2d 383, 384 (Ala.Crim.App. 1992).

(*Id.*) Jones filed written notice of appeal on March 28, 2003. (Doc. 13, NOTICE OF APPEAL) On May 9, 2003 petitioner was advised that his case would "be dismissed for failure to prosecute the appeal" if his brief was not filed by May 23, 2003. (Doc. 13, ORDER of May 9, 2003) Jones did not file his appellate brief by the stated deadline; therefore, the appellate court entered a certified judgment of dismissal on June 5, 2003 (Doc. 13, CERTIFICATE OF JUDGMENT Dated June 5, 2003)

6.   On February 5, 2007, Jones filed a petition seeking habeas corpus relief, pursuant to 28 U.S.C. § 2254, in the United States District Court for the Middle District of Alabama. (*See* Doc. 6, Attachment, FORM FOR

USE IN APPLICATIONS FOR HABEAS CORPUS UNDER 28 U.S.C. § 2254, at 7 (application signed by Jones on February 5, 2007)) The Middle District of Alabama transferred the case to this Court on March 14, 2007. (*See* Doc. 6)

      7.      On June 27, 2007, petitioner filed a cross-answer (Doc. 16) in response to this Court's order to show cause dated June 22, 2007 (Doc. 15, at 2 ("[P]etitioner shall **SHOW CAUSE** not later than **July 20, 2007,** as to why this cause of action should not be dismissed based on the [petitioner's] failure to comply with 28 U.S.C. § 2244(d)(1)(A).")) and amended that cross-answer on July 3, 2007 (Doc. 17).

> Clearly the record in and of itself will reflect that the petitioner **DID FILE THIS PETITION IN COMPLIANCE WITH THE *JURISDICTIONAL ISSUE* TIME TOLLING.** The matter before this court is that the petitioner did not and could not properly represent his **liberty interest** as he did not have knowledge of any alternative thus, indirectly would again raise another ***JURISDICTIONAL* DEFECT**, in that the "witnesses (sic) confession that he could not identify the petitioner" **violated the color of <u>Constitutional law</u> and again is not barred by [the] time frame established in Post-conviction rule 32.**

(*Id.* at 1; *see also* Doc. 16 (substantially the same argument))

## **<u>CONCLUSIONS OF LAW</u>**

8

1.  The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2244 providing for a one-year period of limitations within which state prisoners must file their habeas corpus petitions pursuant to 28 U.S.C. § 2254. *Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209, 1210 (11th Cir. 1998) *cert. denied sub nom. Wilcox v. Moore*, 531 U.S. 840, 121 S.Ct. 103, 148 L.Ed.2d 62 (2000).

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State

>     post-conviction or other collateral review with respect to the
>     pertinent judgment or claim is pending shall not be counted
>     toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

    2.    Subsections (B), (C), and (D) of § 2244(d)(1) clearly do not apply to petitioner's case and therefore, the timeliness of Jones' petition must be calculated under § 2244(d)(1)(A) based upon the date on which his first-degree robbery conviction became final. "For prisoners whose convictions became final prior to the effective date of the AEDPA, the one-year statute of limitations instituted by the AEDPA began to run on its effective date, i.e., April 24, 1996." *Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 1999) (citations omitted), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). This rule from *Guenther* is obviously not applicable in this case since Jones' conviction became final in 2000.

    3.    Section 2244(d)(1)(A) specifically provides that the one-year limitations period will run from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review[.]" On direct appeal, the Alabama Court of Criminal Appeals affirmed Jones' conviction and sentence by memorandum opinion on January 28, 2000. Jones did not file an application for rehearing nor did he request certiorari

review of his conviction and sentence in the Alabama Supreme Court.[2] The Alabama Court of Criminal Appeals issued a certificate of judgment on February 15, 2000; therefore, his conviction became final on that date. *Brown v. Hooks*, 176 Fed. Appx. 949, 951 (11th Cir. 2006) ("On March 23, 2001, the Alabama Court of Criminal Appeals affirmed his conviction. Brown did not petition for *certiorari* review in the Alabama Supreme Court, and his conviction became final on April 10, 2001, when the Certificate of Judgment issued."); *see also* Ala.R.Crim.P. 41(a) ("The certificate of judgment of the court shall issue 18 days after the entry of judgment" unless a timely application for rehearing is filed.); s*ee Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002) ("Bridges pled guilty to terroristic threats, aggravated

---

[2]  Under Alabama law, "[a]n application for rehearing and the brief in support of the application must be filed with the clerk of the appropriate appellate court within 14 days (2 weeks) of the date the decision being questioned is issued[.]" Ala.R.App.P. 40(c). The filing of an application for rehearing is a prerequisite for certiorari review by the Alabama Supreme Court. Ala.R.App.P. 40(d)(1) ("In all criminal cases except pretrial appeals by the state, the filing of an application for rehearing in the Alabama Court of Criminal Appeals is a prerequisite to certiorari review by the Alabama Supreme Court."). Jones' failure to file an application for rehearing in the Alabama Court of Criminal Appeals and, thereafter, to seek certiorari review by the Alabama Supreme Court prevented the court of last resort in Alabama from considering his direct appeal; therefore, the Supreme Court of the United States clearly would have been unable to consider Jones' case on direct review. *See Pugh v. Smith*, 465 F.3d 1295, 1299 (11th Cir. 2006) ("The Supreme Court of the United States may grant a writ of certiorari to review the final judgment of 'the highest court of a State in which a decision could be had.' . . . A defendant has 90 days from the judgment of the state court of last resort to file a petition for a writ of certiorari in the Supreme Court of the United States. . . . In the absence of a clear statutory or constitutional bar to higher state court review . . . the Supreme Court requires petitioners to seek review in the state's highest court before filing a petition for writ of certiorari.").

assault and stalking charges, and was sentenced to 26 years' imprisonment on November 12, 1996. He did not appeal his convictions and sentences, but he did request that his sentence be reviewed by a sentence review panel, pursuant to O.C.G.A. § 17-10-6. . . . As provided in 28 U.S.C. § 2244(d)(1)(A), his judgment became final on the date that the time for seeking direct review expired; this date was not affected by his application for sentence review, because an application for sentence review is not a part of the direct appeal process under Georgia law. . . . Accordingly, Bridges' judgment of conviction became final on December 21, 1996, the date on which his 30-day right to appeal the November 21, 1996 judgment expired."); *Tinker v. Moore*, 255 F.3d 1331, 1332 & 1333 (11th Cir. 2001) ("Tinker was convicted on the robbery charge, and on January 29, 1997, the Third District Court of Appeal affirmed his conviction. . . . The mandate issued on February 14, 1997. . . . Under Florida law, a judgment against a criminal defendant becomes final upon issuance of the mandate on his direct appeal. . . . Tinker's mandate issued on February 14, 1997, and thus he had until February 13, 1998, to file his § 2254 petition, absent tolling of the limitations period."), *cert. denied*, 534 U.S. 1144, 122 S.Ct. 1101, 151 L.Ed.2d 997 (2002).[3]

---

[3]    This Court recognizes that AEDPA's one-year statute of limitations "allows a prisoner the time to seek direct review in the Supreme Court of the United States." *Pugh, supra*,

      4.      Jones' one-year period of limitations under AEDPA began to run on February 15, 2000. Petitioner filed his first Rule 32 petition collaterally attacking his conviction and sentence in the Circuit Court of Mobile County, Alabama on March 27, 2000, some forty (40) days after his conviction became final. The statute of limitations, therefore, was tolled until June 5, 2001 (Doc. 13, CERTIFICATE OF JUDGMENT Dated June 5, 2001), when the Alabama Court of Criminal Appeals issued its certificate of

---

465 F.3d at 1299; *see also Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) ("Appellant was entitled to file a petition for writ of certiorari in the United States Supreme Court within 90 days of the entry of the judgment against him by the Florida Supreme Court. Sup.Ct.R. 13.1. The statute of limitations under 28 U.S.C. § 2244(d) should not have begun to run until this 90-day window had expired. Appellant's state judgment became final on December 13, 1996, when the Florida Supreme Court denied Appellant's motion for a rehearing. The statute of limitations should have begun to run, therefore, on March 17, 1997."). However, in those instances, as here, where a petitioner is not entitled to seek review in the Supreme Court of the United States, he is not entitled to benefit of the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court, Sup. Ct. R. 13.1 ("Unless otherwise provided by law, a petition for writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after the entry of the judgment. A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."); 28 U.S.C. § 1257(a) ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where . . . any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States."). *See Pugh,* 465 F.3d at 1299-1300. As previously established, Jones did not seek direct review of his conviction and sentence in the state court of last resort, that is, the Alabama Supreme Court; therefore, he was not entitled to seek direct review in the United States Supreme Court. *See id.* Jones' conviction became final when the certificate of judgment issued from the Alabama Court of Criminal Appeals on February 15, 2000, *Brown, supra,* and this Court need not add to that final judgment date the 90 days contemplated in Supreme Court Rule 13.1, *compare Pugh,* 465 F.3d at 1299-1300 *with Tinker, supra,* 255 F.3d at 1332 & 1333.

final judgment of affirmance, affirming the trial court's summary denial of Jones' Rule 32 petition. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."); *Guenther, supra*, 173 F.3d at 1331 ("'The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation in [subsection (d)].'") *cf. Coates v. Byrd*, 211 F.3d 1225, 1227 (11th Cir. 2000) ("We agree with the Tenth and Fifth Circuits that the time during which a petition for writ of certiorari is pending, or could have been filed, following the denial of collateral relief in the state courts, is not to be subtracted from the running of time for 28 U.S.C. § 2244(d)(1) statute of limitations purposes."), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129, 148 L.Ed.2d 995 (2001). Petitioner did not file his first federal habeas corpus petition in this Court until October 22, 2002, more than five months after the one-year limitations period ran.[4]

---

[4] That petition was dismissed without prejudice, at Jones' request, on March 6, 2003, to enable the petitioner to exhaust further state remedies. The Alabama Court of Criminal Appeals entered a certified judgment of dismissal on June 5, 2003, dismissing Jones' appeal of the summary denial of his second Rule 32 petition due to his failure to file an appellate brief. It

5.      Jones summarily contends that the record reflects that he "**DID FILE THIS PETITION IN COMPLIANCE WITH THE *JURISDICTIONAL ISSUE* TIME TOLLING**." (Doc. 17) As the foregoing discussion establishes, however, petitioner did not, in fact, timely file his federal habeas corpus attack in this Court.[5] Nevertheless, the undersigned will consider whether the doctrine of equitable tolling has any application in this case.

6.      Recent decisions of the Eleventh Circuit have clearly embraced the doctrine of equitable tolling with regard to the one-year limitations period at issue:   "Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." *Diaz v. Secretary for the Dept. of Corrections*, 362 F.3d 698, 700-701 (11th Cir. 2004) (citation omitted). "Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling

---

was not until more than three and one-half years later, on February 7, 2007, that Jones filed the present habeas corpus attack on his first-degree robbery conviction.

[5]      Petitioner appears to be confusing the statute of limitations set forth in AEDPA with the limitations period set forth in Rule 32 of the Alabama Rules of Criminal Procedure. (*See* Docs. 16 & 17)

'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir.2000) (citation omitted). Thus, the one-year limitations provision need not be equitably tolled unless there is evidence that "extraordinary circumstances" beyond petitioner's control made it impossible for him to file his petition on time. *See Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient."); *Calderon v. United States District Court for the Central District of California*, 128 F.3d 1283, 1288 (9th Cir. 1997) ("Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."), *cert. denied*, 522 U.S. 1099, 118 S.Ct. 899, 139 L.Ed.2d 884 (1998) and *cert. denied sub nom. Beeler v. Calderon*, 523 U.S. 1061, 118 S.Ct. 1389, 140

L.Ed.2d 648 (1998).

7.      As aforesaid, petitioner has failed to establish that the instant habeas corpus petition was timely filed. Moreover, Jones has not established that extraordinary circumstances and due diligence counsel equitable tolling of the limitations period. *See Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) ("'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[.]'"). Tellingly, petitioner makes no argument that he was ignorant of the one-year limitations period or that he was unaware of the fact that this time period had run by the time he filed his first habeas corpus petition in this Court on October 22, 2002. It is apparent to the undersigned that nothing other than petitioner's own lack of due diligence is responsible for the untimeliness of the filing of the instant petition, as well as his first federal petition. This is simply not one of those rare cases in which principles of equitable tolling can save petitioner from AEDPA's one-year limitations period.

8.      Petitioner did not file his first habeas corpus petition until October 22, 2002, over five months after the one-year limitations period expired.[6] Needless to say, therefore, his present habeas corpus petition, filed

---

[6] Even if he was so inclined, petitioner cannot argue that this Court should have advised him of the one-year statute of limitations when it granted his motion to voluntarily

February 5, 2007, more than four years after the one-year limitations period expired, is due to be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).

## CONCLUSION

The Magistrate Judge recommends that the instant petition be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 16th day of August, 2007.

          s/WILLIAM E. CASSADY
          **UNITED STATES MAGISTRATE JUDGE**

---

dismiss his first federal petition in March of 2003, *see Diaz, supra*, 362 F.3d at 701-702, because the limitations period had already run by the time he filed his first federal petition on October 22, 2002.

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                        _s/WILLIAM E. CASSADY_____ _____
                                                        UNITED STATES MAGISTRATE JUDGE